MEHER V. COLE.

1. SUBROGATION. *Void judicial and execution sales : Purchaser's right to restitution.*
   A purchaser of land at a void judicial or execution sale, who buys in good faith, under the belief that he is acquiring the title, and whose bid discharges an incumbrance on the land, can have restitution to the extent of the lien thus discharged, before the defendant in the void proceeding, or his heirs, can recover the land from him.

2. SAME: *Same.*
   In an action of ejectment the defendant claimed title to the lands sued for, derived by purchase under a decree condemning them to be sold for the unpaid purchase money, and on the trial the court held the decree void. The cause was transferred to the equity docket upon the defendant's prayer to be subrogated to the right of the plaintiff in the void decree, to enforce a lien for the purchase money, which, he alleged, had been discharged by the payment of his bid. *Held*: That the burden was on the defendant (as plaintiff in the cross-complaint) to establish the existence of the lien, alleged to have been foreclosed by the void decree, and that he was entitled to no relief by way of subrogation without proof that his bid discharged a subsisting lien which could be enforced against the land.

APPEAL from *Craighead* Circuit Court in Chancery. L. L. MACK, Special Judge.

*E. F. Brown,* for appellants.

1. There was no obligation on Cole, or those under whom he claims, to remove the lien of the original vendor.   He was an entire stranger to the transaction.

2. The deed to Burk was absolute, acknowledging the

payment in full of the purchase money, and the equitable lien, if any, was personal to the original vendor and not assignable. 14 *Ark.*, 628; 18 *Id.*, 142; 23 *Id.*, 255; 25 *Id.*, 129.

3. The decree was void, for want of service of process on the minors, and appellee is not entitled to subrogation, as the decree created no lien to be discharged. 10 *Ark.*, 211; 25 *Id.*, 129; 35 *Id.*, 100; 44 *Id.*, 504; *Overton on Liens*, 367; *Rover on Jud. Sales*, 136, 459; 23 *Am. Dec.*, 773; 1 *Am. Law Reg. N. S.*, 763; 8 *Ib.*, 63; *Freeman on Judg.*, *S. P.* 468.

*W. H. Cate* and *J. C. Hawthorne,* for appellee.

1. The right of a purchaser at a void judicial sale to be subrogated to the claim he has discharged is generally recognized. 1 *Strobh. Eq.*, 52; 5 *Tex.*, 316; 11 *Mart.*, 610; 8 *Dana*, 183; 10 *Wall.*, 519; *Jackson v. Bowen,* 7 *Cow.*, 13; *Walker Chy.,* 494; 29 *Wisc.*, 169.

See also 19 *Mo*, 454; 8 *Gratt.*, 320; 1 *Story*, 478; 2 *Id.*, 605; 12 *Sm. & M.*, 191; 4 *Or.*, 392; 72 *Ill.*, 275. 44 *Miss.*, 533; 38 *Tev.*, 218.

2. The decree in the *Dickson v. Burk* suit was not void. The court had jurisdiction of the subject matter and of the parties, and is explicit enough to be enforced.

### STATEMENT.

This was an action of ejectment to recover possession of two tracts of land which were formerly owned by F. M. Burk, the father of the plaintiff, Nettie Meher. The defendant, by his answer, claimed title to one of the tracts, through a sale under a decree condemning it to be sold for the unpaid purchase money due from Burk to

Meher v. Cole.

his vendor, Dickinson ; and claimed that he had acquired
title to the other tract by his purchase of it at a sale
under an execution, which issued on the same decree.
He also made his answer a cross-complaint, and prayed
to be decreed the value of improvements made and the
amount of taxes paid on the lands, less the rents and
profits, and to be subrogated to the lien of Dickinson for
the payment of the purchase money. Upon his prayer
the cause was transferred to the equity docket. The
court held that the decree under which he claimed title
was void as to the plaintiffs, but decreed that the lands
should be sold for the re-payment of the purchase money
paid by the defendant and his vendors.


COCKRILL, C. J.   Both the plaintiffs and defendant
have appealed in this cause. Each side was asking
affirmative relief in the trial court, but if there was the
same confusion in the record when the cause was heard
as exists in the transcript which is certified here, neither
could have complained if the court had refused all re-
lief.

Dates are matters of some importance in the litigation,
but, according to the record, almost every event, from
the birth of the parties to the entry of the final decree,
occurred " on the — day of ———, 18—." It is not even
certain who are the plaintiffs in the litigation. The
action was begun by Nettie Meher, who claimed to
be the sole heir at law of F. M. Burk, who died seized
and possessed of the land; but, in the final disposition of
the case,   John   and   James   Burk   appear   in
the   record   as   Nettie   Meher's   co-plaintiffs.
How   they   got   into   the   cause,   or   what   in-
terest they have in the land, is not disclosed. The de-
fendant, Cole, admits that the title to the land was in F.

M.Burk at the time of his death, but claims that the title of his heirs, as to a part of it, was divested by sale under a decree of the Craighead circuit court condemning the lands to be sold for the unpaid purchase money due from F. M. Burk, and that the other tract was purchased by him at a sale, under an execution, which issued upon the same decree. This decree is exhibited, and is entitled, " G. B. Dickinson, as administrator of Michael Dickinson, deceased, plaintiff, v. James N. Burk, as guardian ad litem minor heirs of F. M. Burk, deceased." It recites that service was had upon the " minor heirs of F. M. Burk," but there is no other designation of the defendants in the decree ; no other part of the record in that cause was introduced as evidence in this, and there is nothing to show the identity of the plaintiffs in this action of ejectment with the defendants in the foreclosure suit. We are, perhaps, apprised that Nettie Meher, who is a married woman, is the daughter of F.M.Burk, but whether she was a minor when the decree was rendered and was a party to the suit and represented by J. N. Burk, who is described as the guardian ad litem of minor heirs of F. M. Burk, we cannot tell; nor have we any means of determining whether the other plaintiffs are heirs of F. M. Burk and of the number who were served with process in that case. The court, on the trial, held the decree void as to these plaintiffs, and refused to give effect to defendant's deeds. We cannot say upon this state of the record that that was error. But the cause was transferred to the equity docket, upon the defendant's prayer to be subrogated to the right of Dickson,s administrator to enforce the payment of the vendor's lien for the purchase money, which he alleged he and his vendors had discharged by the payment of their bids at the commissioner's

Meher v. Cole.

and sheriff's sales; and the court, finding that the amount of purchase money due for the lands was a lien thereon and that the plaintiff, or those to whose rights he had succeeded by conveyance, had discharged the lien, entered a decree for the defendant condemning the land to be sold to repay the purchase money paid by him and his vendors.

Though there is some conflict in the adjudged cases on the subject, we entertain no doubt but that one whose bid at a void judicial or execution sale discharges an incumbrance on the land, can have restitution to the extent of the lien discharged before the defendant in the void proceeding, or his heirs, can recover the lands so purchased by him, if his purchase is made in good faith, under the belief that he is acquiring the title. *Waggoner v. Lyles*, 29 *Ark.*, 47; *Brobst. v. Brock*, 10 *Wallace*, 519, 533; *Valle's Heirs v. Fleming*, 29 *Mo.*, 152; *S. C.* 77 *Am. Dec.*, and cases cited in *Freeman's Void Jud. Sales*, secs. 51 et seq.

*1. SUBRO-GATION: Void judicial and execution sales: Purchaser's right to restitution.*

But the difficulty in this case is in determining that the bids at the sale made under the decree discharged a lien, or paid a debt, which could be enforced against the land, or which in any way benefited the heirs of F. M. Burk. If neither of these conditions exists, there is nothing to base an argument for restitution upon. Now, the deed which conveyed the land to F. M. Burk recites the payment in full of the purchase money. This, like any other receipt, is prima facie evidence between the parties of actual payment. When the decree foreclosing the supposed lien for the purchase money was declared of no effect, the burden was on the plaintiff in the cross-complaint to establish the existence of the lien. There are some hints in the testimony, and it is broadly stated at the bar, that the plaintiff in the foreclosure suit held

*2. SAME: Same:*

the promissory note of E. M. Burk, which recited that it was given for the purchase money of one of the tracts in suit, but the note is not copied in the record, and there is nothing definite to guide us to a conclusion as to its import.   Moreover, F. M. Burk had been dead for more than two or five years when the decree of foreclosure was rendered, and there was administration upon his estate, but there is no evidence that the claim was ever presented to the administrator for allowance. If the debt was not preserved, and the decree of foreclosure is void, there was no subsisting lien to be discharged by the purchasers at the sales made in pursuance of the decree, [*Stephens v. Shannon*, 43 *Ark.*, 464.] and no room for subrogation. See *Waggoner v. Lyles*, 29 *Ark.*, *pp.* 55-6. The purchaser at the sale could not occupy any better position   than   the   plaintiff,   in   the   void   decree at   the   time   of   its   rendition.   If   the   plaintiff in that proceeding had no lien when the decree was rendered the purchaser could acquire none by his purchase.

Too  much is left to inference for this court to be able to undertake to adjust the rights of the parties with any hope of approximating the equities of the cause.   Both sides are at fault.   We cannot enter a decree for either. If the proceeding to foreclose the vendor's lien is void, the title to all the tracts is in the heirs of F. M. Burk, but we connot award the lands to the plaintiffs here, because it does not appear that they comprise all the heirs, or that two of them are heirs at all, or have any interest in the land. Each heir can recover only his proportionate share, and we are unable to determine what proportion of the lands these plaintiffs are entitled to. *George v. Elms*, 46 *Ark.*, 266.   The decree of foreclosure is not necessarily a nullity.   It is binding upon the heirs who

were actually served with process, [*Boyd* v. *Roane*, 49 *Ark.*, 397.] and the defendant has succeeded to their interest in that part of the land which was sold by the commissioner under the decree. Admitting the decree of foreclosure to be void, there is not sufficient evidence before us to sustain the finding that the defendant has removed an encumbrance from the plaintiffs' lands.

It is our practice to dispose of equity causes finally and end the litigation here, but this record does not afford us the opportunity of doing that in this case.

The decree must be reversed and the cause remanded for further proceedings not inconsistent with this opinion. Adjudge the costs of the appeals against the two sides equally.