[No. 7810. Decided August 27, 1909.]

J. B. CORDINER, *Respondent*, v. FINCH INVESTMENT COMPANY, *Appellant*.[1]

TAXATION—RECOVERY OF LAND SOLD FOR TAXES—QUIETING TITLE—COMPLAINT—SUFFICIENCY. In an action to quiet title, the complaint sets out the cloud upon the title with sufficient certainty, when it alleges that the defendants claim through void tax title proceedings, giving the court, the number, and title of the case, referring to the judgment and tax deed following, and describing particularly the summons and manner of serving, showing the entire proceeding to be void, all of which were matters of record.

SAME—TAX TITLE—QUIETING TITLE—CLOUD—WHAT CONSTITUTES. In this state a tax judgment and deed may be set aside for patent as well as latent invalidity, as a cloud upon the title.

TAXATION—RECOVERY OF LAND—TENDER—PLEADING. In an action to set aside a tax title, an allegation of the tender of all taxes paid, in the language of the statute, is sufficiently definite without stating the amount of the tender.

[1]Reported in 103 Pac. 829.

SAME—FAILURE TO DENY TENDER—WAIVER OF LIEN—APPEAL—RE-
VIEW. Where, in an action to set aside a void tax sale, the defendant
failed to deny an allegation that the plaintiff tendered all taxes, pen-
alties, interest, and costs paid at the sale, he cannot on appeal claim
insufficiency of the amount of the tender; and by failing to assert
a lien for the taxes paid, he waives the same.

EQUITY—LACHES—LIMITATION OF ACTIONS. Laches cannot be
claimed in the bringing of an action to set aside a tax judgment,
where nothing was shown except the lapse of time, and the statute
of limitations had not run against the action.

QUIETING TITLE—DEFENSES—PURCHASE OF DEBATABLE TITLE—AT-
TORNEYS—RIGHT TO SUE—CHAMPERTY. In an action to remove the
cloud of a void tax sale, it is no defense to allege that the plaintiff
is an attorney at law and purchased a debatable title for an inade-
quate consideration for speculative purposes, and to foster litigation.

Appeal from a judgment of the superior court for Spo-
kane county, Huneke, J., entered July 9, 1908, in favor of
the plaintiff, upon motion for judgment on the pleadings, in
an action to quiet title. Affirmed.

*Wakefield & Witherspoon* and *W. H. Smiley*, for appellant.
*Cordiner & Cordiner* and *J. C. Kleber*, for respondent.

FULLERTON, J.—This is an action to quiet title to certain
real property, and to have certain tax proceedings, wherein
the property was sold and conveyed under a purported judg-
ment of the superior court of Spokane county, declared null
and void. In his complaint the plaintiff alleged, that he
was the owner in fee simple of the premises so sold, that
the same were vacant and unoccupied, and that he was law-
fully entitled to their possession; that the defendant was a
corporation; that it claimed some title, right or interest
in the land adverse to that of the plaintiff through and under
an attempted tax foreclosure proceeding had in the superior
court of the state of Washington for Spokane county, num-
bered 15,355, wherein John A. Finch was plaintiff and Alice
E. Burdick was defendant, and wherein the title of Alice E.
Burdick, who was then the owner in fee simple of the prem-
ises, was attempted to be cut off; that Alice E. Burdick was

at the time of the foreclosure proceeding a nonresident of the state of Washington, and was never within the state of Washington during the time of such foreclosure proceeding; that no service of summons or notice in the foreclosure action was ever made on Alice E. Burdick, neither did she appear therein nor give notice of her appearance therein, and the court did not otherwise have jurisdiction over her person. It is then alleged that the claim of jurisdiction is based on a certain notice and affidavits each of which were set out in full. The tenth and eleventh paragraphs and prayer of the complaint were as follows:

"That the court never acquired jurisdiction over the defendant, or over the land and premises described in said attempted tax foreclosure proceedings, the same being the lands and premises described in this complaint, for the reason that the said defendant was never served personally, by publication or otherwise, with summons or notice; that she never in any manner appeared in said action; that the only manner in which the court attempted to acquire jurisdiction was by summons by publication in words and figures and in the manner and form as set out in paragraph 6 herein; that the said summons was not in accordance with the statute in such cases made and provided, and was and is wholly null and void; that its publication did not confer upon the court jurisdiction to render or enter any judgment therein; that the judgment attempted to be rendered and entered in said tax foreclosure proceedings was and is wholly null and void and of no force whatever; that all of said attempted tax foreclosure proceedings, including the tax deed issued thereunder by the treasurer of Spokane county on the 27th day of April, 1901, are null and void; and that the said attempted tax foreclosure proceedings, including the said tax deed attempted to be issued thereunder, confer upon said defendant no right, title or interest in said land or any part thereof.

"(11) That prior to the commencement of this action, plaintiff tendered to said defendant, in United States of America gold coin, all taxes, penalties, interest and costs paid by said purchaser at said void tax sale or his assignees or grantees, and that said tender was refused by said defendant, and that said plaintiff is ready, able and willing

to pay all taxes, penalties, interest and costs to which said defendant is entitled by law.

"*Wherefore,* Plaintiff prays judgment as follows: That the judgment attempted to be entered in said tax foreclosure proceedings, being case No. 15,355 in the above entitled court, be declared and decreed to be null and void; that the tax deed issued in pursuance thereof be declared null and void; that all subsequent deeds based thereon be declared null and void; that he be permitted to redeem from said attempted tax sale, that he be adjudged to be the owner in fee simple of the lands and premises in this complaint free from any right, title, claim or interest on the part of the said defendant; and that he have such other and further relief as he may be entitled to under the premises, together with his costs, attorney's fees and disbursements herein."

After service of summons upon it, the defendant appeared in the action and moved the court to require the plaintiff to make his complaint more definite and certain in the following particulars; that he state in what way he deraigned his title from Alice E. Burdick, and if the transfer is in writing that he set forth the same and furnish the defendant with a copy thereof; that he state whether a judgment by default was entered in the cause referred to in paragraph ten of the complaint, and set out a copy of the judgment; that he set out the proceedings in the action referred to in paragraph ten, and that he state when and where the tender was made, mentioned in paragraph eleven, and state to whom the tender was made. As a part of the same motion it requested the court to require the plaintiff to furnish it with the same information in the form of a bill of particulars. The motion was denied, whereupon the defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. On hearing, the demurrer was overruled. The defendant thereupon filed an answer which did not controvert any of the allegations of the complaint, but alleged, on information and belief, that the plaintiff in the action was an attorney at law practicing his profession

37—54 WASH.

in the city of Spokane, and that he was one of the attorneys for the plaintiff in the pending action. That whatever claim he might have to the land described in the complaint was obtained by him not in good faith or for a valuable consideration, but was obtained for the purpose of bringing the action, and for the purpose of fostering litigation, and for speculative purposes.

The plaintiff thereupon moved for judgment in his favor on the pleadings, which motion the court granted, entering judgment declaring void all of the proceedings had in the tax foreclosure proceeding, quieting title in the plaintiff to property described therein, and giving the plaintiff judgment for his costs. It found, however, that the defendant had paid taxes on the land amounting to the sum of $39.93, and gave it judgment for this sum, declaring the same a lien upon the land. From this judgment the defendant appealed.

On appeal the defendant makes four assignments of error. The first three, however, are argued under one head, namely, that the complaint does not state facts sufficient to constitute a cause of action; and we will so consider them. It is first argued that the complaint fails to show that there are any clouds upon the plaintiff's title. But the complaint we think does set out the instruments constituting the cloud with sufficient certainty. It is alleged that they arise out of a certain tax foreclosure proceeding, the number, title, and the court wherein the proceedings were had, are stated. The judgment alleged to be void is stated to be the judgment entered in that proceeding, and the tax deed alleged to be void is stated to be the tax deed issued by the treasurer of Spokane county under that judgment, bearing a certain date. Under the liberal provisions of our statute, this states with sufficient certainty the instruments alleged to constitute the cloud. True, it is not alleged in words that these instruments constitute a cloud on the plaintiff's title, but that is the necessary inference from the facts pleaded, and this is sufficient

to satisfy the rule. The summons and the manner of service thereof is set out with particularity. These show the entire tax foreclosure proceeding to be void, under the authority of *Thompson v. Robbins*, 32 Wash. 149, 72 Pac. 1043, and kindred cases following that decision. As we said in *Boyer v. Robinson*, 43 Wash. 97, 86 Pac. 385, "The claim of the respective parties was evidenced by written instruments and records, and there is no pretense that the appellant was surprised or misled by the claim of title disclosed by the respondents, or by any lack of information as to the nature of his own claim."

Furthermore it is not the rule in this state that the court will set aside a deed or other instrument adversely affecting the plaintiff's title to real property only in those cases where extrinsic evidence is necessary to show its invalidity. It is our practice, contrary perhaps to the general rule, to set aside the invalid instrument whether the invalidity be patent or latent. *Lemon v. Waterman*, 2 Wash. Ter. 485, 7 Pac. 899; *Jackson v. Tatebo*, 3 Wash. 456, 28 Pac. 916; *Montgomery v. Cowlitz County*, 14 Wash. 230, 44 Pac. 259. For this reason less particularity in setting out the invalid instrument is required in this jurisdiction than in a jurisdiction where the contrary rule prevails.

The second objection under this head is that the complaint fails to allege the amount of the tender. This allegation was made in the words of the statute and stated the ultimate fact to be proven. This was sufficient. Had the appellant desired to contest the allegation it could have put it in issue, and put the plaintiff upon proofs. But failure to state the amount tendered is not fatal to the complaint. *Kahn v. Thorpe*, 43 Wash. 463, 86 Pac. 855, does not announce a contrary doctrine.

The third objection is that the record shows on its face that the plaintiff's tender was insufficient. This contention is founded on the fact that the court allowed the appellant a judgment for $39.93, while the summons set out in the

complaint showed that the face value of the certificates foreclosed was $81.32 without the accumulated interest. But this proves nothing. The plaintiff alleged that he had tendered the defendant all taxes, penalties, interest and costs paid by him at the tax sale, and the defendant admitted the fact by failing to deny it. This ended the matter in so far as the plaintiff was concerned. He was not obligated either by statute or the practice to bring the money into court. Nor was the court obligated to give the defendant judgment for the amount tendered as a condition precedent to setting aside the sale. The superior courts of this state will, in the exercise of their general equity powers, allow a person, who has paid taxes upon the land of another in the belief that the title to the land is in him and that he has a right to pay such taxes, a lien on the land for the amount of taxes paid, where he comes into court and asserts his lien. But it is a right which the claimant may waive, and he does waive it in all cases where he fails to assert it.

The fourth objection is that the plaintiff was guilty of laches. But there is nothing on the face of the complaint that shows laches. The action was commenced within the period of the statute of limitations, and the statute always measures the time within which an action may be begun, in the absence of some special circumstance rendering the prosecution of the action inequitable. When nothing is shown but lapse of time, laches cannot be claimed within the period of the statute. We conclude, therefore, that the complaint states a cause of action.

The last assignment is that the court erred in holding that the appellant's answer did not state facts sufficient to constitute a defense. Stripped of its verbiage the allegation is that the respondent is an attorney at law, and that he purchased the interest of a former owner of the land for an inadequate consideration, expecting to recover it, at the end of a lawsuit, on the strength of the title so acquired. But whatever may be said concerning the morality of the

transaction, the court cannot say it is illegal. There is no positive rule of law that denies to a purchaser of a debatable title to land, even though he be an attorney at law, the right to litigate in the courts the question of the sufficiency of the title so acquired.

There is no error in the record, and the judgment will stand affirmed.

RUDKIN, C. J., MOUNT, GOSE, CHADWICK, CROW, and DUN-BAR, JJ., concur.