[No. 6140.]

EACHES v. JOHNSTON ET AL.

1. **Parties—Corporation—Capacity**—Plaintiff cannot object to the capacity to defend or sue, of a corporation which he has himself impleaded.—(458)

2. **Tax Deed—Not in Compliance with the Statute,** is not even prima facie evidence.—(459)

3. **Tax Deed—Judgment Annulling—Refund of Taxes**—One claiming under a tax deed is not entitled to refund of taxes paid by him, unless he gives evidence of the fact, and the amount of the payment.—(459)

*Appeal from Kit Carson District Court*—Hon. Lewis W. Cunningham, Judge.

Mr. George W. Taylor, for appellant.

Mr. E. T. Wells, for appellees.

Mr. Justice Musser delivered the opinion of the court:

This action was brought by the appellant to quiet her title to certain land in Kit Carson county, which she claimed to own under a tax deed. The action was against The Ormsby Land and Mortgage Company and other defendants. The company and two other defendants answered, denying title in the plaintiff and alleging title in fee in themselves. These defendants also set up a cross-complaint in their answer, praying for affirmative relief. The record now before us shows that the plaintiff admitted that the fee simple title from the government was in the company, unless of course defeated by the tax deed. The judgment was for the company, adjudging that it was the owner in fee of the land; that the tax deed was void; that the cloud created thereby be removed and that the company pay the sum of $39.08 to reimburse the plaintiff for taxes and interest paid by her. In her brief, the plaintiff does not claim that her tax deed had any validity. It is claimed that the capacity of the company to sue or defend does not appear by pleading or by proof. This is true, except that the plaintiff made it a party in the complaint. The plaintiff, however, cannot complain of this, for she made the company a defendant in the action. If the judgment had been for the plaintiff, she would no doubt avail herself of it. She brought the company into court to defend and she cannot now be heard to say, because the judgment is against her, that the company cannot defend and

have such relief as is ordinarily awarded a defendant when entitled to it.

Plaintiff asserts that the court erred in awarding her $39.08 for taxes paid by her and interest thereon. Aside from the tax deed, the plaintiff made no proof or offer to prove, that she had expended any money. The tax deed was not executed as required by sec. 3902, Mills' Ann. Stats., and was therefore not *prima facie* evidence of anything. The plaintiff certainly cannot complain if the court awarded her $39.08 when there was no evidence that she had expended anything. If the defendant is satisfied with this, the plaintiff cannot complain.

The judgment is affirmed.          *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.