BREWER v. FOLSOM BROS. CO.

(No. 1697; Jan. 25, 1932; 7 Pac. (2d) 224)

See also 43 Wyo. 433, 5 Pac. (2d) 283.

In support of the petition there was a brief by *Ernest S. Goppert*, of Cody, Wyoming.

BLUME, Justice.

A petition for a rehearing has been filed herein. The petitioner complains because we stated in the opinion that

he was claiming a personal judgment against the defendants. Such personal judgment was claimed in the sixth cause of action contained in the second amended petition, relating, so far as the amount is concerned, to the sum expended for improvements and ditch assessments, but incorporating therein all of the allegations contained in the other causes of action, and these causes related to the taxes paid. We were not able to tell definitely, in view of the arguments and citations made in counsel's brief, whether he made the claim that his client was entitled both to a lien as well as a personal judgment against the defendants in this case, and hence, believing that the principle of law applicable was the same, discussed the questions from both standpoints. In any event, no prejudice in this regard has been pointed out.

A new point, however, has now for the first time been called to our attention. We are now cited to Sections 5990 and 5991, Wyo. C. S. 1920, which read as follows:

§ 5990. "If, upon the sale of property on execution the title of the purchaser is invalid by reason of a defect in the proceedings, the purchaser may be subrogated to the right of the creditor against the debtor, to the extent of the money paid and applied to the debtor's benefit, and to the same extent shall have a lien on the property sold, as against all persons, except bona fide purchasers without notice; but this section shall not be construed to require the creditor to refund the purchase money, by reason of the invalidity of any such sales."

§ 5991. "The last section shall apply, also, to all sales by order of court, sales by executors, administrators, guardians and assignees, and to all sales for taxes."

We should not, ordinarily, consider a point not urged on the original hearing (4 C. J. 629), yet the sentence contained in Section 5991, supra, relating to taxes, is found in the Code under the article relating to executions, where no one ordinarily would look for it, and we have, accordingly, given the point our careful consideration.

Counsel claims that plaintiff, by virtue of these sections, is entitled to be subrogated to the rights of the tax purchaser—the county in this case—and has therefore a lien for the taxes paid. Assuming that this contention should be upheld in the proper case, still the cases already cited in our original opinion do not permit the plaintiff to recover herein. In the first place a tax sale was held only in one year, and according to the decisions in Sheffield City Co. v. Bank, 131 Ala. 185, 32 So. 598, and Tradesmen's Nat. Bank v. Sheffield City Co., 137 Ala. 547, 34 So. 625, both cited in the original opinion, the statute above cited would apparently not be applicable in any event except as to the sale held in that year. Furthermore, the foregoing sections of the statute were adopted from Ohio in 1886. The latter state adopted the sections in 1846. In 1883, the court of that State decided the case of Raymond v. Ross, 40 Ohio St. 343, found cited in the original opinion herein. That case is almost identical in its facts with the facts in this case. N. was the original owner of the land. There was a tax sale, and L. bid in the land. Other taxes were paid by him. R. L. & Co. became successors in interest to L. by mortgage foreclosure. N., the original owner, then sued L. and his successor in interest in the Superior Court to recover the land, and prevailed therein. We quote what follows, verbatim:

"Neither defendant set up any claim under the occupying claimant law for the improvements or asked reimbursement for taxes and assessments paid. Afterward L. R. & Co. obtained a decree against L. in the foreclosure suit, and N. conveyed the lot to R. who had notice of the above stated facts. R. L. & Co. then sued R. claiming to recover the taxes and assessments paid, and the value of the improvements made by L. and his grantors. Held: This claim, if valid, should have been set up in the action in the Superior Court, and is barred by that judgment."

We should, of course, though the statute above set out is not mentioned, hesitate to hold contrary to this decision, in view of the fact that our law was borrowed from Ohio.

It has often been held that if in an action brought to cancel a tax title or quiet title to the land the holder of the tax title fails to allege the payment of taxes by him, no judgment for the amount paid will be awarded him, for he has the right to waive his claim. Eagan v. Mahony, 24 Colo. App. 285, 174 Pac. 1119; Eaches v. Johnston, 46 Colo. 457, 104 Pac. 940; McCracken v. Cones, 53 Colo. 321, 125 Pac. 497; Cordiner v. Finch, 54 Wash. 574, 103 Pac. 829; Harty v. Glos, 272 Ill. 395, 112 N. E. 74; Scott v. Warden, (Cal. App.) 296 Pac. 95. And while these cases do not directly pass upon the point, it would seem that it could hardly be contended that a separate action could thereafter be brought to recover the taxes paid. The reason for a second, and separate, action is no greater in a case like that at bar than in the class of cases mentioned.

The ejectment suit involved, and that directly, the question of the right of possession. In this particular case, as in the Ohio case, the plaintiff herein, defendant in ejectment, had the right of possession—that is to say, the right of retention—at least by reason of the fact that a claim existed for betterments made on the land. We suggested in the original opinion that, in view of the fact that suits at law and equity are more or less blended in our state, the defendant in ejectment ought, perhaps, to be allowed the right of retention for taxes paid as well as for improvements made. But we did not then decide that point, for we were unable to find many cases on the subject aside from the decisions in Louisiana. The sections of the statute hereinabove quoted shed light on the subject, and seem to indicate that the foregoing suggestion was right. This statute apparently protects tax purchasers to an equal extent as purchasers under judicial sales; it puts them on the same footing. Now there are many cases and authorities which hold that if a purchaser in good faith at a judicial sale, void by reason of defects in the proceedings, has obtained possession of the property, he will be entitled to retain it

until he has been reimbursed, and not only when the suit to recover it is in equity, but also when it is one in ejectment, or a similar proceeding. 35 C. J. 114, 115; 37 Cyc. 455; Freeman on Executions, (3rd Ed.) Sec. 352 a; Kleber, Void Judicial and Execution Sales, Sec. 471; Cathcart v. Sugenheimer, 18 S. C. 123; Howard v. North, 5 Tex. 290, 51 Am. Dec. 769; French v. Grenet, 57 Tex. 273; Northcraft v. Oliver, 74 Tex. 162, 11 S. W. 1121; Halsey v. Jones, 86 Tex. 488, 25 S. W. 696; Railway Co. v. Blakeney, 73 Tex. 180, 11 S. W. 174; Teston v. Brannin, (Tex. Civ. App.) 261 S. W. 788; Valle's Heirs v. Fleming, 29 Mo. 152, 77 Am. Dec. 557; Schafer v. Causey, 76 Mo. 365; Johnson v. Adams, (Mo.) 7 S. W. (2d) 1010; McGee v. Wallis, 57 Miss. 638, 34 Am. Rep. 484; Meher v. Cole, 50 Ark. 361, 7 S. W. 451, 7 Am. St. Rep. 101; Robertson v. Bradford, 73 Ala. 116; Blodgett v. Hitt, 29 Wisc. 169; Fisher v. Bush, 133 Ind. 315, 32 N. E. 924. If the rule is correct, it also, in view of the statute, applies to taxes. The plaintiff in this case then had a clear right of retention and of possession when the ejectment suit was brought against her, and she should, as held in the Ohio case, supra, have set up her rights in that action, and not having done so, she is now barred. We should add, however, in justice to counsel for plaintiff in this case, that he did not represent her in the ejectment action.

*Rehearing Denied.*

KIMBALL, Ch. J., and RINER, J., concur.