No. 16,539.

FASTENAU *v.* ENGEL.

(240 P. [2d] 1173)

Decided February 4, 1952.   Rehearing denied February 25, 1952.

Mr. SAMUEL CHUTKOW, Mr. NOAH A. ATLER, Mr. NATHAN LEE BAUM, for plaintiff in error.

Mr. Frank M. Safranek, Mr. George M. Gibson, for defendants in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the court.

The parties to this action herein occupy the same relative positions in which they appeared in the trial court and we shall refer to them as plaintiff and defendant, or by name.

In April, 1948 plaintiff brought suit to quiet title to land held by defendant, Engel, under a treasurer's deed issued in September, 1943. Defendant answered the complaint, asserting ownership of the land by virtue of the treasurer's deed, and as separate defenses set forth that plaintiff's predecessors in title had abandoned said premises; failed to pay taxes thereon, and that plaintiff is "barred by laches from seeking relief in a court of equity." Defendant further alleged that plaintiff "has made it a practice to hunt defects in the titles to real property created by treasurer's deeds and to check and procure deeds from persons who were former owners of said real property * * * for the purpose of using the courts of this state whereby to extract money from those persons * * * holding under such treasurer's deeds." That by such actions plaintiff has "violated the integrity of the courts of this state of Colorado and has stirred up litigation and speculated in litigation." That plaintiff's acts are contrary to public policy, and that she does not come into equity with clean hands.

Plaintiff filed motions to strike each of these additional defenses, asserting they do not state facts sufficient to constitute defenses to plaintiff's action. These motions were overruled and plaintiff, having elected to stand thereon, judgment was entered against her and her action dismissed. From these rulings plaintiff brings

the case here specifying error in the rulings of the court on these motions and dismissing said action.

■ It is not claimed that any statute of limitations bars plaintiff's action. May defendant rely on laches and abandonment of the land by plaintiff's predecessors in title, and their failure to pay taxes as a defense to plaintiff's actions? Our opinion in *Calvat v. Juhan,* 119 Colo. 561, 206 P. (2d) 600, is a complete answer to this contention. In that case we said: "It appears to be well established that courts will not invoke equitable defenses to destroy legal rights where statutes of limitations are applicable." See, also, *Bonninghausen v. Hansen,* 305 Mich. 595, 9 N.W. (2d) 856; *Fisher v. Davis,* 77 Utah 81, 291 Pac. 493, 61 C.J. 1413, 1435-1436; *Baird-Gatzmer Corporation v. Henry Clay Coal Mining Co.,* 131 W. Va. 793, 50 S.E. (2d) 673.

■ A case in which averments were made identical to those in the instant case is *Jones v. McNabb,* 184 Okla. 9, 84 P. (2d) 429, wherein the court said: "Their sole contention is that plaintiffs are estopped to question their title by reason of laches. The facts on which they base their claim of laches are that C. A. McNabb, former owner through whom plaintiffs claim as devisee and personal representative, paid no taxes on the property since 1911 and in effect abandoned the property; that W. F. Jones and defendants had kept the taxes paid; that the value of the lots increased from $250 to nearly $2,400 by reason of oil development in the vicinity a short time before this action was filed. These facts are not sufficient to justify the application of the doctrine of laches. Phelan v. Roberts (1938) 182 Okl. 202, 77 P. 2d 9. In Cooley's Taxation (4th Ed.) sec. 1509, it is said 'there is no laches merely because of a failure to pay taxes and because the land has enhanced in value.' " We know of no authority supporting the theory of abandonment merely because a property owner fails to pay his taxes.

The other defense urged is characterized by counsel

for defendants as a species of maintenance and champerty.

In *Duke v. Harper,* 2 Mo. App. 1, it was said: "The whole [common-law] doctrine of maintenance and champerty is a relic of a state of things long since passed away."

■ Common-law maintenance and champerty no longer exist in Colorado. *Currency Mining Co. v. Bentley,* 10 Colo. App. 271, 50 Pac. 920; *Casserleigh v. Wood,* 14 Colo. App. 265, 59 Pac. 1024. The matters pleaded as separate defenses by defendant do not come within the letter or spirit of *Barratry* (section 181, chapter 48, '35 C.S.A.) or the offense denominated intermeddling or maintenance set forth in section 182, chapter 48, '35 C.S.A. In our opinion in *Casserleigh v. Wood, supra,* we clearly set forth the proper interpretation of these sections.

Defendant condemns plaintiff's action in acquiring the fee title as violative of public policy. The supreme court of Illinois, in the case of *Fetrow v. Merriwether,* 53 Ill. 275 employs the following apt language: "In this State, there is no law to prevent persons from purchasing claims or titles on speculation, or for the purpose of prosecuting them in the courts. Whether the law is for the best interest which permits such claims to be transferred or prosecuted, is for the determination of the legislative branch of the government, and when they become satisfied that such a practice is pernicious, they will doubtless apply the corrective."

In *Cordiner v. Finch Investment Co.,* 54 Wash. 574, 103 Pac. 829, the court said: "There is no positive rule of law that denies to a purchaser of a debatable title to land, even though he be an attorney at law, the right to litigate in the courts the question of the sufficiency of the title so acquired."

■ For another reason the trial court erred in not striking this defense. It is announced in many cases,

notably *Burnes v. Scott*, 117 U. S. 582, 6 Sup. Ct. 865, 29 L. Ed. 991:

"The question raised by the present assignment of error is not whether a champertous contract between counsel and client is void, but whether the making of such a contract can be set up in bar of a recovery on the cause of action to which the champertous contract relates.

"We must answer the question in the negative. * * * As the justice or injustice of the claim cannot be known before the termination of the cause, the checks upon unjust litigation must in general consist, not in excluding the suit or the suitor from the courts, but in redress following the decision of justice upon the merits of the case." See, also, *Seaton Co. v. Idaho Springs Co.*, 49 Colo. 122, 111 Pac. 834; *Percy Consolidated Mining Co. v. Hallam*, 22 Colo. 233, 44 Pac. 509; *Forbes v. Mohr*, 69 Kan. 342, 76 Pac. 827; *Aaronson v. Smiley, County Treasurer*, 140 Okla. 255, 285 Pac. 59; *Currency Mining Co. v. Bentley, supra*.

■ There being no question about the right of the fee owner to attack the validity of the treasurer's deed under which Engel holds, then one who purchased said land from the fee owner has a like right to challenge the validity of the tax deed. If Engel's tax deed extinguished the plaintiff's title, plaintiff cannot have relief. If it extinguished nothing, plaintiff is entitled to the relief she sought.

■ Assuming it was the business and practice of plaintiff to ferret out defects in land titles and acquire by purchase a deed from the fee owner, followed by suit challenging the validity of the tax deed, such a type of business may not be commendable, but it is not condemned by any law. The same freedom which Engel exercised when he purchased the tax title must be accorded to plaintiff to assert defects, if any, in the treasurer's deed and proceedings preliminary to its issuance. Defendant Engel is in no position to insist that plaintiff

is estopped from asserting the invalidity of the treasurer's deed and his claim to a paramount title to the land. The trial court erred in holding that the defenses of abandonment, laches, maintenance and champerty were sufficient, and in dismissing plaintiff's action.

The judgment is reversed and the cause remanded with directions to the trial court to strike the additional defenses and proceed to trial on the issues made on the complaint, answer and cross complaint.