JOHN C. DOUGLASS v. PATRICK McNAMEE.

No. 13,840.  (78 Pac. 834.)

SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT — *Clerical Error.* In considering a record the court may not treat a material matter therein as stated wrong because of a clerical error in copying, unless it clearly appear that such error is merely clerical.

Error from Leavenworth district court; JAMES H. GILLPATRICK, judge. Opinion filed December 1, 1904. Affirmed.

*John C. Douglass*, for plaintiff in error.

*Atwood & Hooper*, for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: This was an action in ejectment. Plaintiff's title depended upon the validity and force of a tax deed. Judgment was rendered against him. The record shows that the tax deed upon which he relied was executed before the date of the sale for

taxes upon which it was based. It is insisted that the date of the deed, as shown by the record, is a clerical error; that notice must be taken that the date of the deed, as shown by the record, was erroneously stated by the scrivener.

It is true that a court may ignore and amend clerical errors, where such errors clearly appear, and may substitute correct dates for dates erroneously stated, if the entire record discloses the clerical error, and contains enough to enable the court to determine the correct date; but it may not change a material matter in a record on the claim that such matter is wrong because of a clerical error, unless it clearly appear that such error is merely clerical. In this case it does not so appear. The deed may have been made before the sale. That it would not be legal does not prove that it was not so made. Even if the date of its execution is erroneously stated there is nothing in the record from which the correct date can be determined, and this is essential in determining the other questions raised. We do not find enough in the record to justify the amendment of the criticized date, even if it be admitted that the date, as it there appears, was so stated because of a clerical error.

Finding, therefore, that the record states that the tax deed was made prior to the date of the sale on which it was based, we must adjudge it to be void, and that it conveys no title to the premises in controversy to the plaintiff in error.

The judgment of the court below is affirmed.

All the Justices concurring.