CHARLES E. GIBSON V. R. M. FREELAND.

No. 15,417. (94 Pac. 782.)

SYLLABUS BY THE COURT.

1. QUIETING TITLE — *Suit against Tax-deed Holder* — *Statute of Limitations.* Where a suit to quiet title to land is begun against several defendants less than five years after a certain tax deed thereto has been recorded, and the holder of such tax deed is not made a defendant in the suit or brought into court until more than five years after the recording of his deed, the suit will be deemed to be commenced as to him when he was brought into court, and he will then be entitled to avail himself of the protection and presumptions which the lapse of the statutory limitation gives to a tax deed.

2. TAX DEED—*Compromise Act—Granting Clause—Consideration.* A tax deed executed under the compromise provision (Laws 1893, ch. 110, § 4; Gen. Stat. 1901, § 7672), in substantial compliance with the requirements of that provision, and attacked more than five years after it was recorded, is not void on its face because the granting clause of the deed does not specify the particular years for the taxes of which the land was conveyed.

Error from Scott district court; CHARLES E. LOBDELL, judge. Opinion filed March 7, 1908. Affirmed.

*W. H. Russell,* for plaintiff in error.

*J. S. Simmons,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: This case turns upon the validity of a tax deed. Originally Lizzie Welch brought a suit against W. J. Pottorf, the Anthony Loan and Trust Company and Alonzo Whitcomb to quiet her title to a quarter-section of land as against the defendants. On a publication notice to defendants, judgment was rendered in favor of the plaintiff on April 25, 1904. In April, 1906, Charles E. Gibson, who claimed to have acquired the mortgage and interest formerly held by Whitcomb, moved the court to vacate the judgment quieting title, on the ground that Whitcomb was dead

when the suit was brought and that no notice was given to the administrator of his estate. On this motion the judgment was vacated, and Gibson, being substituted for Whitcomb, set up the mortgage which he held and asked for a foreclosure, and also asked that R. M. Freeland, who claimed an interest in the land, be made a defendant. Freeland was brought in on June 10, 1906, and later he set up a tax deed, issued January 10, 1901, and recorded May 4, 1901. The trial court, holding that the tax deed was valid on its face and had been of record for more than five years, gave judgment in favor of Freeland. The disposition of the case, therefore, depends upon the validity of the tax deed.

An attack is made on the deed on the ground that the granting clause does not state that the consideration named therein was for the taxes for specific years. It is argued that the form outlined in the statute contemplates that the granting clause of a tax deed shall recite that the land was conveyed for the taxes of certain named years. The statutory form referred to is intended for the ordinary tax deed, and does not fit a conveyance for taxes upon a compromise made with the county commissioners under section 4 of chapter 110 of the Laws of 1893. (Gen. Stat. 1901, § 7672.) The deed in question is based upon a compromise sale, and the granting clause recites:

"Now, therefore, I, W. S. Manker, county clerk of the county aforesaid, for and in consideration of the sum of forty-six dollars, so paid to the treasurer of said county, as aforesaid, and in pursuance of the said resolution of said board, and by virtue of the statute in such case made and provided, have granted, bargained and sold, and by these presents do grant, bargain and sell, unto the said R. M. Freeland, of Scott county, Kansas, his heirs and assigns, the real property last hereinbefore described, to have and to hold unto him, the said R. M. Freeland, his heirs and assigns, forever; subject, however, to all rights of redemption provided by law."

The body of the deed recites the various steps taken

with a great deal of particularity, and shows that the land was offered at public sale in September, 1894, for the taxes of 1893, and that, as there were no bidders, the land was bid off for the county for $14.23, the amount of the taxes, interest and costs then due and unpaid thereon; that the land had remained unredeemed more than three years from the time of sale and that no one had offered to purchase the same for the taxes; that the board of county commissioners, on July 2, 1900, by resolution ordered the county treasurer to execute and the county clerk to assign a tax certificate to R. M. Freeland for the sum of $32.07, and, that sum being paid to the county treasurer on July 5, 1900, he executed a tax-sale certificate, which the county clerk assigned to Freeland. There is a further recital that Freeland paid the subsequent taxes on the land— $5.18 for 1899 and $6.06 for 1900—and that, as a period of more than six months had elapsed since the assignment and neither the owner, his agent or attorney had offered to redeem the land, it was conveyed. The deed, as has been said, was under the compromise provision cited, and appears to measure up with all the essential requirements of that act. (*Douglass v. Wilson*, 31 Kan. 565, 3 Pac. 330.) The fact that the amount paid for the assignment may appear to be small, considering that it included the taxes extending from the year 1893 to 1899, is of little force, since the amount to be paid is wholly within the discretion of the county commissioners. They are at liberty to compromise, and to authorize an assignment for any sum less than the legal taxes and interest thereon, as in their judgment shall be for the best interests of the county.

It is also said that there is no recital that the compromise covered the taxes for the period extending from the sale to the compromise, but as it was recited that the land was bid off for the county, that it had remained unredeemed, and that no one had offered to purchase it for the taxes up to the time of the compromise, it must be presumed that the county treas-

Gibson v. Freeland.

urer, in obedience to law, entered up the taxes on the land for the subsequent years and until the compromise was made. In all cases where the five-year statute has run, at least it will be presumed that the county treasurer did his duty, and that so far as the naming of the years was material the compromise included the taxes for the years intervening between the sale and the compromise. The taxes for the years subsequent to the compromise are definitely stated, leaving no uncertainty or cause for complaint as to them.

It is contended that the statute of limitations had not run in favor of the deed and that the court erred in holding that the deed was not open to attack for irregularities in the tax proceeding. That depends upon when the action was brought against the tax-deed holder. As to some defendants it was commenced less than five years after the recording of the tax deed. It was originally commenced on February 10, 1904, and the deed, as we have seen, was filed for record May 4, 1901. Freeland, the tax-deed holder, however, was not made a defendant and did not set up his claim under the deed until June, 1906, and as to him that was the time when the action was begun. (*Insurance Co. v. Bullene,* 51 Kan. 764, 33 Pac. 467.) He was then entitled to set forth every defense which he had, and in that connection to avail himself of the protection and presumptions which the lapse of five years gave to his tax deed.

The judgment of the district court is affirmed.