Price v. Barnhill.

continued in the name of the original party." (Civ. Code, § 40; *Hegewisch v. Silver*, 140 N. Y. 414, 35 N. E. 658.)

The judgment is affirmed.

MARGARET D. PRICE *et al.* v. J. T. BARNHILL.

No. 15,693.    (98 Pac. 774.)

SYLLABUS BY THE COURT.

1. TAX DEEDS—*Dates—Clerical Error.* That a date named in a tax deed is out of harmony with other recitals does not justify assuming it to be the result of a clerical error, at least unless the date named is an impossible one or is in direct and irreconcilable conflict with some other recital referring to the same matter.

2. ———— *Recitals Not Required by the Statute.* A statement in a tax deed of a fact showing that it was improperly issued is fatal to its validity, although occurring in the course of a recital not required by the statute.

3. ———— *Deed Void on its Face.* A tax deed which recites that it is based on a certificate issued for the payment of the taxes of the year prior to that in which the taxes accrued for which the land was sold is vulnerable to an attack made on that account, even after having been of record for more than five years.

Error from Butler district court; GRANVILLE P. AIKMAN, judge. Opinion filed December 12, 1908. Reversed.

*Carr W. Taylor, G. E. Battin, George J. Benson,* and *T. A. Kramer,* for plaintiffs in error.

*C. A. Leland,* and *C. L. Harris,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: The only question involved in this case is whether a tax deed was so defective upon its face as to be set aside when attacked after having been of record

for more than five years. The deed recited a sale to the county in September, 1893, for the taxes of 1892, an assignment of the certificate on June 8, 1897, for $15.18, and a payment by the purchaser of the taxes of 1896, amounting to $2.12. It was executed on the same day the certificate was assigned. The consideration was stated as "$17.60, taxes, costs and interest due on said land for the year 1892, 1893, 1894, 1895 and 1896, to the treasurer paid as aforesaid." To the recital of the amount paid for the assignment of the certificate, however, was added: "being the taxes, charges and interest due on said land for the years A. D. *1891*, 1893, 1894 and 1895."

The party who defends the deed claims that in the clause quoted the figures "1891" were so written through an obvious mistake, and that the court should treat them as though they read "1892," because the other recitals show clearly that to have been the year intended. Doubtless a date written in a tax deed may be so plainly the result of a clerical error as to justify so regarding it. For instance, if here the figures had been 1792, that year being an impossible one in the connection used, it might have been ignored or possibly assumed to mean 1892. Or, by way of another illustration, if the deed had said that the property was sold on the 5th day of September, *1893*, at the sale begun on the first Tuesday of September, 1894, the conflict being direct and irreconcilable, one date or the other being manifestly a mistake, the truth of the matter might be determined by inference from other parts of the instrument. But it is entirely possible that although the land was sold in 1893 for the taxes of 1892, the certificate on which the deed was based was actually issued for the taxes of 1891—that is, in return for the payment by the purchaser of the taxes of that year. Mere improbability can not affect the matter. In *Douglass v. McNamee,* 70 Kan. 474, 78 Pac. 834, a tax deed was held void because it appeared to have been made

prior to the date of the sale on which it was based. It was strenuously argued there that this condition could only be accounted for by supposing a mistake had been made in transcribing the record, but the contention was denied. As already indicated, in stating the consideration the deed omits the year 1891, and mentions the year 1892, but this is not such a direct contradiction of the previous recital as to justify the conclusion that the earlier statement was made through inadvertence.

A further argument is made that as the statute does not require the time of the accrual of the delinquent taxes to be stated in connection with the amount paid by the purchaser from the county we should reject as surplusage the words "being the taxes, charges and interest due on said land for the years A. D. 1891, 1893, 1894 and 1895." Their insertion was not required. But a tax deed can not be upheld if a fact showing that it was improperly issued is stated in recitals which are wholly voluntary and unnecessary. That was the character of the recital on account of which the deed was set aside in *Douglass v. Lowell,* 60 Kan. 239, 56 Pac. 13.

Another theory suggested is that the deed might be upheld by presuming that the taxes for the years 1891 and 1892 were the same, just as in *Nagle v. Tieperman,* 74 Kan. 53, 85 Pac. 941, 88 Pac. 969. It was presumed of two adjacent tracts, which at one time were assessed at the same value and owned by the same person, either that the equality of assessment or the common ownership continued through subsequent years. The cases, however, are not parallel. In the present deed the recital attacked is not merely a statement of the incidental fact that the amount paid by the purchaser from the county happened to be equal to the taxes of 1891 and other years; it must be held to mean just what it says, namely, that the clerk assigned the certificate to the purchaser for paying the taxes of 1891 and other years. The recital therefore shows af-

firmatively that the certificate which was issued was not one that could support the deed. We conclude that the deed was invalid upon its face and did not set in operation the five-year statute of limitations.

The trial court having taken the contrary view, the judgment must be reversed.

PORTER, GRAVES, BENSON, JJ., concurring.

BURCH, SMITH, JJ., dissenting.

JOHNSTON, C. J., not sitting.