Schroeder v. Griggs.

MAZIE SCHROEDER *et al.* v. MARY L. GRIGGS *et al.*
No. 16,059.

E. B. WHITTIKER *et ux.* v. MARY L. GRIGGS *et al.*
No. 16,060.

L. A. DOCKUM *et ux.* v. MARY L. GRIGGS *et al.*
No. 16,061.

SYLLABUS BY THE COURT.

1. TAX DEEDS—*Construction*—*Presumptions.* A tax deed interposed in defense in an action of ejectment by the defendants holding possession and claiming title under it, which has been of record more than five years before the action was commenced, should be read in the light of every reasonable presumption in its favor.

2. ——— *Clerical Error* — *Statutory Recitals.* Where the printed form of a tax deed, with blanks to be filled, prepared for use in cases where several tracts have been assessed and sold separately but are to be conveyed together, was so changed by striking out words and interlining others as to leave a recital to the effect that the land *could be* sold for the amount of tax and charges thereon, and was therefore bid off

by the county treasurer for the county, *held*, that an examination of the whole instrument, with the changes so made, clearly shows that the omission . of the word "not," which should have been inserted between the words "could be" after the word "neither" had been stricken out, was a mere clerical omission.

3. WRITTEN CONTRACTS — *Construction — Clerical Error.* The general rule is that a written contract should be construed according to the obvious intention, notwithstanding clerical errors and omissions therein which can be corrected by perusing the whole instrument.

4. TAX DEEDS—*Construction.* The foregoing rule of interpretation is applicable to the tax deed in question in the circumstances stated in the opinion.

Error from Finney district court; WILLIAM H. THOMPSON, judge. Opinion filed June 5, 1909. Reversed.

*William Easton Hutchison,* for the plaintiffs in error.

*R. W. Hoskinson,* and *Albert Hoskinson,* for the defendants in error.

The opinion of the court was delivered by

BENSON, J.: The question to be decided relates to the effect of a tax deed; under which the defendants are in possession and claim title in fee. The plaintiffs seek to recover the lands in question, to which they are entitled unless devested by the tax deed, which was recorded more than five years before the actions were commenced.

The plaintiffs contend that the deed is void (1) because it contained a recital that the land could be sold for the amount of the taxes and charges thereon, but was bid off by the county treasurer; (2) because in the granting clause it is recited that the conveyance is in consideration of the taxes, costs and interest due on the land for certain years, including 1891, but the deed does not show that the taxes for that year were included in the certificate or paid by the purchaser.

Schroeder v. Griggs.

The deed was proved by the record in the register's office. A photograph of this record shows a printed form headed, "Several tracts. To assignee of county," under which the record of the deed appears. It is fair to presume that the original deed was made upon a like form or blank and that the printed and written parts respectively are the same as shown in the record. It appears, then, that the deed was made by using a printed form designed for use in cases where several tracts separately assessed and sold are conveyed by one deed. Parts of the printed matter were stricken out and interlineations were made in an attempt to adapt the form to this transaction, wherein the lots had been assessed and sold as a single tract. These changes resulted in a recital that this property "could be sold for the amount of tax and charges thereon, and was therefore bid off  .  .  .  for said county," etc., which, it is insisted, makes the deed void.

The following is a copy of that part of the deed considered important upon this inquiry. The words in brackets were stricken out by a line drawn through them. The words italicized were interlined above those stricken out:

"Whereas, each of the following-described [parcels, tracts and lots of land,] *real property,* viz.:

"[Number 1.] lots ten (10), eleven (11), and twelve (12), block twenty-one (21), J. A. Stevens addition to Garden City, Kan., situated in the county of Finney and state of Kansas, was, severally, subject to taxation for the year A. D. 1890; and, whereas, the taxes assessed upon each of said [several parcels, tracts and lots of] real property, respectively, for the year aforesaid remained due and unpaid at the date of the sale hereinafter mentioned; and, whereas, the treasurer of said county did, on the first day of September, A. D. 1891, by virtue of the authority in him vested by law, at Garden City, Kan., the sale begun and publicly held on the first Tuesday of September, A. D. 1891, expose to public sale, at the county-seat of said county, in substantial conformity with all the requisitions of the statute in such case made and provided, [offering sepa-

rately each of the said several parcels, tracts and lots as in the regular course of said sale it was reached in its turn,] the real property above described, for the payment of the taxes, interest and costs then due and remaining unpaid upon [each of said parcels, tracts and lots of real] *said* property, [respectively]; and, whereas, at the place aforesaid, [neither of the said parcels, tracts and lots of] *said* property could be sold for the amount of tax and charges thereon, [and each of them was, therefore, as they were severally and in due course, as aforesaid, offered for sale] *was therefore* bid off by the county treasurer for said county, for the whole amount of taxes and charges then due *thereon* [and remaining unpaid on each of the said parcels, tracts and lots of said property.]"

Similar changes in the printed matter appear in other parts of the instrument to adapt the form to the conveyance of a single tract.

It will be observed that the words "neither of the said parcels, tracts and lots of" were stricken out and "said" was inserted before the word "property," thus adapting the recital to the case of a single tract; but this change struck out the negative "neither"; and the omission of the word "not" after "could" changed the negative form into an affirmative one, which is manifestly contrary to the intention.

The interlineation of the words "was therefore" before the word "bid" fairly indicates the intention. The recital that the property "could be" sold is in conflict with the statement that it "was therefore" bid off by the treasurer, and raises a strong implication that it could not be sold to other bidders, since the treasurer had no authority to bid if it could be so sold for the taxes and charges thereon. Indeed, the fact that it could be sold is, by the language used, made the reason why it was bid off by the treasurer, which is a manifest absurdity. The officer certainly did not intend to declare: "because I could sell it to others I did, in violation of the statute, bid it off myself."

This deed is distinguishable from that under con-

sideration in *Price v. Barnhill*, 79 Kan. 93, where it was argued, without success, that the figures "1891" were an obvious mistake and should be treated as 1892. Here this very recital is used as a reason for the affirmative action of the officer—an action which, if the recital were true, would have been in violation of law. In the opinion in that case instances were supposed of recitals in such direct and irreconcilable conflict that one or the other would be regarded as a manifest mistake, and where the truth might be determined by inference from other parts of the instrument. The truth of the recital here that the land was in fact bid off by the treasurer must be conceded. The case is further distinguished by the peculiar construction of the deed in changing and adapting an inappropriate form, revealing the fact that an omission was unintentionally made.

This deed had been of record five years—in fact, ten years, before it was challenged. It must be read in the light of every reasonable presumption in its favor. (*Penrose v. Cooper*, 71 Kan. 725; *Gibson v. Trisler*, 73 Kan. 397; *Gibson v. Freeland*, 77 Kan. 450; *Dye v. Railroad Co.*, 77 Kan. 488.)

The general rule is that a written contract should be construed according to the obvious intention of the parties, notwithstanding clerical errors or omissions therein which can be corrected by perusing the whole instrument. This principle was declared in *Monmouth Park Asso. v. Wallis Iron Works*, 55 N. J. Law, 132, where it was insisted that a clause in a contract under consideration was nugatory because in its operating line it read: "in case the said party of the first part shall to fully and entirely" (p. 134), omitting any effective verb. The court held that the other parts of the instrument plainly indicated that the verb "fail" should be supplied, and enforced the agreement so interpreted and construed.

An ordinary deed of conveyance will be read by the

court in the sense of the meaning of the parties to be determined from the whole instrument. Where the words "party of the second part" were used instead of the particular words "party of the third part" to designate a grantee, it was held that the mistake was a mere "slip," and that the intention of the parties was clear on the face of the instrument. The court said:

"The mistake which exists in this deed is clearly apparent upon its face. No person can read it and fail to perceive what it is. It arises from the use of the description, 'the party of the *second* part,' instead of the description, 'the party of the third part,' as the grantee. . . . The rule of construction, which is universal and is applicable to conveyances as well as to all other kind of deeds, is, in the language of Sheppard's Touchstone, that it 'be favorable and as near the minds and apparent intents of the parties as it possibly may be, and the law will permit.' Shep. Touch., ch. 5, p. 86. This has ever since, and in a great multitude of cases, been recognized as the leading canon in giving effect to every variety of written instruments." (*Sisson v. Donnelly*, 36 N. J. Law, 432, 439.)

Referring to the rule that the meaning of an instrument is to be determined from the language used, it was said by the same court:

"This is the general rule, beyond a doubt, but such required literalism is not to be pushed to the preposterous length of requiring that by its operation the general intention of the parties, as evidenced by their contract itself, shall be frustrated or perverted, either in whole or in part. The terms employed are servants and not masters of a perspicuous intent; they are to be interpreted so as to subserve and not to subvert such intent." (*Chism v. Schipper*, 51 N. J. Law, 1, 13.)

Concerning the power of a court to correct obvious mistakes by construing a written instrument, the supreme court of errors of Connecticut, in *Marion v. Faxon*, 20 Conn. 486, said:

"But we are of opinion that the just construction of the contract is not such as the defendant claims. It is obvious on its face that the word 'me,' contained in it,

is a mere misprision, and inserted by mistake, instead of 'him,' which would refer to the plaintiff. It explains itself readily, by supposing what is most probable, that the plaintiff wrote the body of the contract, without adverting to the circumstance that it was to be signed, not by himself, but another person. We ought, in the construction of the instrument, to correct this palpable mistake, and give it the meaning plainly intended by the parties." (Page 493.)

(See, also, 9 Cyc. 585; 2 Par. Cont., 6th ed., *650, et seq.)

The deed recites that the land was bid off for the taxes of 1890, and that the taxes of 1892 were paid by the assignee of the certificate. The granting clause recites a consideration of $22.43, "taxes, costs and interest due on said land for the year A. D. 1890, 1891, and 1892." The amount named is the aggregate of the cost of redemption paid by the purchaser of the certificate and the subsequent taxes paid by him, without interest. This shows that the consideration does not include the taxes of 1891—and hence the reference to that year in the granting clause may be considered as a mistake, and a harmless one. If, however, the holder of the certificate paid the taxes of 1891 the omission of the amount in that clause gives the original owner no cause of complaint. That the consideration was too small will not avoid the deed. (*Bowman et al. v. Cockrill*, 6 Kan. 311; *Davis v. Harrington*, 35 Kan. 196; *Kennedy v. Scott*, 72 Kan. 359; *Gibson v. Freeland*, 77 Kan. 450.)

The judgment is reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.