## WALL v. KAIGHN.

No. 2550. Decided December 1, 1914 (144 Pac. 1100).

1. TAXATION—SALE FOR TAXES—VALIDITY OF DEED. A deed which in reciting the name of the purchaser under Rev. St. 1898, section 2629, making it *prima facie* evidence of facts recited, also recited that the property was offered to the highest responsible bidder for cash and sold to the county for a certain sum, that being the highest and best bid, shows the county to have been a competitive bidder and voluntary purchaser, contrary to section 2623, and renders it void on its face. (Page 246.)

2. TAXATION—SALE FOR TAXES—VALIDITY OF DEED. Where, in connection with required recitals, a deed recites that the treasurer offered to sell the property, or sufficient thereof to pay taxes and costs, it shows that he offered the whole property for sale, and not sufficient to pay taxes and costs as required by Rev. St. 1898, section 2621, and thereby affirmatively shows want of authority to issue the deed, and it is void on its face. (Page 252.)

3. TAXATION—SALE FOR TAXES—VALIDITY OF DEED. A deed, to be good, must recite enough of the previous proceedings to show authority to sell the land and make the deed. (Page 253.)

4. TAXATION—SALE FOR TAXES—CERTIFICATE AS EVIDENCE OF TITLE. In a certificate of sale, stating that the treasurer sold the property in the manner prescribed by the laws of the state, and that the property described was the smallest parcel that could be sold for taxes and costs, the phrase "in the manner prescribed by the laws of the state," and the statement that it "was the smallest parcel," etc., are mere conclusions, and amount to nothing as evidence of a tax title claimed thereunder. (Page 253.)

5. TAXATION—SALE FOR TAXES—CERTIFICATE AS EVIDENCE OF TITLE. A certificate of sale, which merely recites that the treasurer sold the whole of the property to the county for delinquent taxes and costs, is consistent with recitals in the deed that the county was a competitive bidder and a voluntary purchaser, and does not show a valid sale to the county or any right in it to be any kind of a purchaser. (Page 254.)

6. TAXATION—SALE FOR TAXES—CERTIFICATE AND DEED—RECITALS OF AUTHORITY. On a sale of land to the county for delinquent taxes, enough of the proceedings must be recited in the certificate or deed to show authority to sell the land and to issue a certificate to it. (Page 254.)

Appeal from District Court, Third District; *Hon. T. D. Lewis,* Judge.

Action by Enos A. Wall against Maurice M. Kaighn.

Judgment for plaintiff. Defendant appeals.

AFFIRMED.

*C. S. Patterson* for appellant.

*Dey, Hoppaugh & Fabian* for respondent.

STRAUP, J.

This is an action to quiet title to two mining claims in Salt Lake County. Both parties claim title. Both admit one Hodson was the owner of them in 1904. The plaintiff claims title by deed from him; the defendant by tax sales

in 1905, tax deeds to the county and by deed from it. The
plaintiff put in evidence the deed from Hodson and rested.
The defendant, to support his title, put in evidence his deed
from the county, the tax deeds, and the records of the tax
proceedings leading up to the issuance of the tax deeds.
Upon the evidence thus adduced by the defendant, the plain-
tiff contended fatal defects, and infirmities were shown re-
specting the tax sales and proof of publication of the delin-
quent tax lists, and that the certificates of sale and the tax
deeds were void on their face. The court held with the
plaintiff, and quieted the title in him. The defendant ap-
peals. He urges the tax deeds are good, and that all the
proceedings leading up to them were regular and proper and
in strict compliance with the statute.

The chief contentions of the plaintiff are that the deeds
on their face are void, and that the certificates of sale on
their face show a void sale, for that, as is urged: (1)
They show the county at the sale for delinquent
taxes to have been a competitive bidder and a volun-
tary purchaser, and that the property was not offered for
sale and sold as by the statute provided; and (2) because
neither the certificates of sale nor the deeds show the con-
ditions under which the county lawfully could be a purchaser
at the sale, and do not show no person bid or offered to pay
the amount of taxes and costs required to be paid.

The statute (section 2621, R. S. 1898, Comp. L. 1907), so
far as material, provides:

The treasurer "shall expose for sale  *  *  *  sufficient
of such delinquent real estate to pay the taxes and costs, at
public auction  *  *  *  and sell the same to the highest
responsible bidder for cash," etc.

Section 2623:

"When real estate is sold for taxes, the treasurer shall
make out, sign, and deliver to the purchaser of any real
property sold for the payment of taxes as aforesaid a cer-
tificate of sale, describing the property on which the taxes
and costs were paid by the purchaser,  *  *  *  how much
and what part of each tract or lot was sold, and stating the

amount of each kind of tax and costs for each tract or lot for which the same was sold, as described in the record of sales, and that payment has been made therefor. If at any tax sale no person shall bid and pay the treasurer the amount of tax and costs, required to be paid as aforesaid on any real estate, the treasurer shall make to the county a certificate similar to that given to other purchasers, and deliver the same to the county auditor, and such sale to the county shall have the same effect as if made to an individual, and the county auditor shall credit the treasurer with the amount of the tax due thereon, and costs to date of sale."

Section 2629:

If any property sold be not redeemed, the auditor shall "on presentation of the treasurer's certificate of sale, make out a deed conveying the property therein described to the purchaser." He shall also "make out a deed conveying to the county all property purchased by the county and not redeemed. * · * * Deeds issued by the county auditor in pursuance hereof shall recite substantially the amount of the tax for which the property was sold, the year for which it was assessed, the day and year of sale, the amount for which the real estate was sold, a full description of the property, and the name of the purchaser or assignee; and when attested by the county auditor shall be *prima facie* evidence of the facts recited therein."

The certificates of sale recite:

"This certifies that * * * in pursuance of due publication of notice and in the manner prescribed by the laws of the state of Utah," the treasurer of Salt Lake County "sold to Salt Lake County" for delinquent taxes, describing them, amounting to $2.84 and costs on the one claim, and $3.72 on the other, "the following described property, situate in the County of Salt Lake, State of Utah, assessed in the name of Jno. T. Hodson, as owner: Alamo mining claim No. 231. No. of acres, 5.847. The other claim: Hub mining claim No. 2940. No. of acres, 14.486.) That said described property was the smallest parcel that could be sold for said taxes and costs." The tax deed to the Alamo claim to the county recites: The treasurer "exposed for sale at public auction

\* \* \* and offered to sell to the highest responsible bidder, for cash, the said property hereinafter described [describing the whole of it] assessed to John T. Hodson, or sufficient thereof to pay the said taxes and costs; that at said sale the said premises hereinbefore described were sold to Salt Lake County, for the sum of $2.84, that being the highest and best bid.''

The tax deed to the Hub is the same, except the description of the property and the sum for which it was sold, $3.72.

It is conceded that the county at the sale could not, under the statute, be a bidder, nor a voluntary purchaser; and if it in fact was a bidder, or such a purchaser, the sales are void, and the tax deeds bad. The plaintiff contends that the recitals in the deed, ''offered to sell to the highest responsible bidder'' and ''sold to Salt Lake County for the sum of'' $2.84, ''that being the highest and best bid,'' show the county to have been a competitive bidder and a voluntary purchaser, rendering the deed void on its face. In support of that he cites 2 Cooley on Taxation (3d Ed.) 977; *Magill* v. *Martin,* 14 Kan. 67; *Babbitt* v. *Johnson,* 15 Kan. 197; *Larkin* v. *Wilson,* 28 Kan. 513; *Rush* v. *Lewis & Clark County,* 36 Mont. 566; 93 Pac. 943; (on rehearing) 37 Mont. 240; 95 Pac. 836; *Kramer* v. *Smith,* 23 Okl. 381; 100 Pac. 532; *Wade* v. *Crouch,* 14 Okl. 593; 78 Pac. 91; *Reckitt* v. *Knight,* 16 S. D. 395; 92 N. W. 1077; *Thompson* v. *Roberts,* 16 S. D. 403; 92 N. W. 1079. The defendant, not conceding and but faintly disputing that such recitals in the deed, if proper to be considered, show the county to have been a competitive bidder and a voluntary purchaser, chiefly asserts that such recitals were not required to be, and were unnecessarily put, in the deed, and hence should be treated as surplusage, and not considered as proving anything, and that, if the county in fact was such a bidder or purchaser, such fact was required to be shown by evidence *aliunde* the deed. He, therefore, urges that since the statute provides that the deed ''shall recite substantially the amount of the taxes for which the property was sold, the year for which it was assessed, the day and year of sale, the amount for which the real estate was sold, a full description of the property, and

the name of the purchaser," etc., the recital in the deed, "that being the highest and best bid" was wholly unnecessary and not required; that without such unnecessary recital, "the name of the purchaser," Salt Lake County, and "the amount for which the real estate was sold," $2.84, the essentials to be recited, are properly recited; and so, without such unnecessary recital, the deed does not show the county to have been a bidder, at least not a competitive bidder or voluntary purchaser. We think the recitals in the deed, if proper to be considered, show the county to have been a competitive bidder and a voluntary purchaser, rendering the deed void. The cases heretofore referred to show that. That is not seriously disputed by the defendant, but he asserts such cases are based on statutes dissimilar to ours. They are broader than our statute. They are to the effect that a tax deed is *prima facie*, or presumptive, and some of them conclusive, evidence "of the truth of all facts therein recited," or "of the regularity of all proceedings, from the value of the land by the assessor, inclusive, up to the execution of the deed," or both. Under such statutes it is, in effect, conceded that such recitals as here in the deed could be considered and show the deed to be void on its face. But it is denied that the particular recitals referred to may here be properly considered as evidence of the facts recited, under a statute such as ours.

Under the statute it was essential to recite in the deed the name of the purchaser. All that is recited concerning that subject, of course, may be considered. A part of it cannot be considered and a part rejected. Let it be assumed that in reciting the name of the purchaser more was recited than was essential under the statute. Nevertheless the fact appears that in naming the purchaser, reciting the thing required to be recited, language is used which shows a purchaser and so describes the conditions of his purchase as to render him no lawful or competent purchaser, not that the claimed unnecessary recital is merely descriptive of the purchaser, but is destructive of the recital preceding it naming the purchaser. That is, the recital named a purchaser, and then in connectirn therewith, and as a part of such recital,

statements are made which show that he could not be a lawful
or competent purchaser. Suppose the deed recited the name
of the purchaser to be "The State of Utah," or "Board of
Equalization," or "Board of Pardons," while the name of
the purchaser would be given, yet the name of one is stated
who could not lawfully be a purchaser. Surely such a re-
cital would make the deed bad. Here Salt Lake County
could not be a bidder nor a voluntary purchaser. It could
only acquire rights when at the sale no one "shall bid and
pay" the amount of the taxes and costs, when there is no
bidder willing to take the property and pay the taxes and
costs. Then, and then only, was the treasurer, under the
statute, permitted or authorized to make a certificate of sale
to the county. If the county in any sense can be regarded a
purchaser at a tax sale, it is one only by operation of law,
an involuntary purchaser. But the deed, in naming the
county as the purchaser, recites it to be a competitive bidder
and a voluntary purchaser, "offered to sell" to the highest
bidder, "sold to Salt Lake County" for $2.84, "that being
the highest and best bid," thus in such manner naming the
purchaser, and, in connection therewith, stating conditions
showing that it could not be a lawful or competent pur-
chaser. This comes within the principle stated by Black in
his work on Tax Titles (2d Ed.), section 302, that while:

"the form of deed for individual purchasers should be substantially
followed, as far as its terms are applicable to the county as a
bidder, and be varied only so far as may be necessary to show the
truth of the transaction in substance," yet "it must not, by an
erroneous following of the form, show a state of facts in which
the county would not have been authorized to bid or buy, for then
it would be void on its face."

That is what was here done and here shown by these deeds.
Said Mr. Justice Brewer, in *Magill* v. *Martin, supra:*

"When the conditions of the sale are such that to follow the
form is to recite an untruth and show an illegal sale, the form
must be modified to suit the facts. To make a statement of an
illegal and void sale evidence of a legal and valid sale is a con-
tradiction not to be imputed to the legislative intent. The statute
says the deed shall be in substantial compliance with the form.

It thus contemplates minor modifications, and those modifications must be such as to make the deed recite the truth and comply with the conditions of valid action."

While we have no statute prescribing the form of a tax deed, yet, for that reason statements in a tax deed showing an illegal or void sale, or that the deed was improperly issued, and which are made in connection with and concerning recitals required to be stated, cannot be disregarded, and the deed treated as valid. In the case of *Price* v. *Barnhill*, 79 Kan. 93; 98 Pac. 774, the court said:

"A statement in a tax deed of a fact showing that it was improperly issued is fatal to its validity, although occurring in the course of a recital not required by the statute."

Mr. Justice Sherwood, in *Ball* v. *Busch*, 64 Mich. 336; 31 N. W. 565, said:

"The Legislature did not intend to say that a paper shall be held *prima facie* valid, when it carries upon its face the evidence that shows it void."

The Maine court said the same thing in *Allen* v. *Morse*, 72 Me. 502.

Cooley, in his work on Taxation (3d Ed.), at page 999, says:

"It has been held that if the recitals in a tax deed show the proceedings to have been in any respect defective, the deed cannot be helped by showing that those proceedings were in fact good."

To the same effect are *Grimm* v. *O'Connell*, 54 Cal. 522; *Brady* v. *Dowden*, 59 Cal. 51. The statement in 37 Cyc. 1436, supported by cases there cited, is, we think, applicable to the question in hand:

"A tax deed is void if it omits any of the recitals expressly required by statute to be incorporated in it; and, aside from such requirements, it must contain sufficient recitals of fact to show a compliance with the law under which the land became liable to sale and was sold, and these must not be in the form of conclusions of law, as that proceedings were taken 'according to law,' or 'in manner and form as directed by law,' but the particular facts must be recited. Especially it is necessary to recite enough

of the previous proceedings to show authority to sell the land and
authority in the officer making the sale, and authority for the
execution of the deed and the manner of its execution; and the
recitals in a tax deed of lands to a county must show affirmatively
the right of the county ·to take the lands. But these conditions
being met, and the law being silent as to the incorporation of par-
ticular recitals, it is generally held that only so much of the pre-
vious history need be set out as is essential to the meaning and
validity of the tax deed, standing by itself as an independent instru-
ment of conveyance. But, of course, if it shows that it was made
without any legal authority, or shows disobedience to any essential
requirements of the law, it is void and inoperative for every
purpose."

We, therefore, think the tax deeds bad because on their
face is shown the county was a competitive bidder and vol-
untary purchaser.

Again, the statute declares that at the sale for delinquent
taxes. the treasurer "shall expose for sale  *  *  *  suffi-
cient of such delinquent real estate to pay the taxes
and costs." The deed recites the treasurer "offered    2
to sell to the highest responsible bidder for cash the
said property hereinafter described (the whole of it) as-
sessed to Jno. T. Hodson, or sufficient thereof to pay the
said taxes and costs." That is, he offered to sell the whole
or sufficient thereof to pay the taxes and costs, and then sold
the whole to the county. That does not show he exposed or
offered a part or anything less than the whole, and, receiving
no bid sufficient to pay the taxes and costs, then exposed or
offered the whole. Even a liberal construction of the recital
would not justify that. The obvious meaning of the recital
is he exposed or offered the whole and sold the whole. The
recital says he offered the whole or did·something else, of-
fered sufficient thereof, etc. That does not mean he did both,
first offered a part and then the whole, but that he did but
one of two things, and that if he did the first, offered the
whole, he did not do the second, offer a part; or if he of-
fered a part, he did not offer the whole. But he sold the
whole; hence he offered the whole; else he sold without an
offer to sell. And since he offered but one and offered the
whole, it follows he did not offer a part. This may be some-

what lacking in arrangement, but what else can be deduced from the language that he offered the whole or sufficient thereof, etc.? Certainly no proper conclusion can be deduced from it that the treasurer first offered a part, and, receiving no bid, or none sufficient to pay the tax and costs, then offered the whole, or that an offer of the whole was necessary to pay the tax and costs.

Again, asserts counsel, it was not necessary to recite in the deed the method or conditions of sale, and hence those recitals, too, must be regarded as surplusage and not as evidence of the facts thus recited. But these statements are also made in connection with and as parts of recitals required to be made in the deed. To disregard them is to disregard parts of such recitals. The tax deed, to be good, must recite enough of the previous proceedings to show authority to sell the land and to make the deed. Where, as here, the county cannot be a bidder nor a voluntary competitive purchaser, and can only acquire rights in the delinquent real estate when no purchaser can be found for the land, or when no person is willing to pay an amount equivalent to the taxes and costs for which it stands delinquent, the authorities quite generally hold that the deed must contain sufficient recitals to show a right in the county to be, or the conditions under which it could be, a lawful and competent purchaser. *Kramer* v. *Smith, supra,* and other cases heretofore cited. The deeds here not only fail to show conditions under which the county could be such a purchaser, but on their face show conditions under which it could not be; and not only fail to show authority, but affirmatively show want of authority to issue a deed to it. Such a deed is void on its face. With this conclusion we need look no further.

But the certificates of sale, also put in evidence by the defendant to support his title, are no better. They read: The treasurer "in the manner prescribed by the laws of the State of Utah * * * sold to Salt Lake County" for delinquent taxes, naming them and the amount thereof, "the following described property" describing the whole of it; "that such described property was the

smallest parcel that could be sold for such tax and costs.''
Of course the phrase ''in the manner prescribed by the laws
of the state'' and the statement that the whole of the prop-
erty ''was the smallest parcel that could be sold for such
taxes and costs'' amount to nothing, because mere conclu-
sions. 2 Cooley on Taxation (3d Ed.) page 998; 37 Cyc.
1436.

Nowhere is it disclosed that anything less than the whole
was first exposed or offered for sale, and, receiving no bid
for the amount of the tax and costs on any part less
than the whole, that when the whole was offered, or
that no bid was received from anyone who was willing
to take a part or the whole and pay the tax and costs, and
for that reason a certificate of sale was made to the county.
Nor are there disclosed any of the conditions under which
the county could be a lawful or competent purchaser. The
certificates merely recite the treasurer sold the whole of the
property to the county for the delinquent tax and costs.
That is entirely consistent with the recitals in the deed that
the county was a competitive bidder and a voluntary pur-
chaser, and does not show a valid sale to the county or any
right in it to be any kind of a purchaser.

Again does the defendant assert that the statute does not
require these things to be recited in the certificate. Still
enough of the proceedings must be recited to show
authority to sell the land and to issue a certificate to
the county. That is not done either in the certificate
or in the deed. Said the court in *Rush* v. *Lewis & Clark
County, supra,* on rehearing:

''So, where a county becomes the purchaser of property at a tax
sale because there are no cash purchasers, the certificate of sale,
as well as the deed, should show that there was no purchaser in
good faith for the property on the first day that the property was
offered for sale, and that, when the property was thereafter offered
for sale, there was no purchaser in good faith for the same, and
that the whole amount of the property assessed was struck off to
the county as a purchaser, and should otherwise truthfully state
the facts.''

The case of *Bruno* v. *Madison,* 38 Utah 485; 113 Pac. 1030;
Ann. Cas. 1913B, 584, is not in conflict with this. There the

only question involved was whether a delay in the issuance of a tax certificate invalidated it. We, on the facts there made to appear, held that it did not.

We, therefore, think the judgment of the court below should be, and it accordingly is, affirmed, with costs.

McCARTY, C. J., and FRICK, J., concur.