## THOMPSON v. TAYLOR.

No. 3865.   Decided December 21, 1922.   (211 Pac. 696.)

1.  TAXATION—IN ABSENCE OF BIDDING AT TAX SALE, PROPERTY AUTOMATICALLY PASSES TO COUNTY BY OPERATION OF LAW, AND NOT AS A BIDDER, AND CERTIFICATE MUST SO SHOW.  Where there are no bidders at tax sales, the property passes to the county, not as a bidder therefor, and not as though it were represented at the sale, but by operation of law, and the treasurer's certificate must so show, instead of reciting a sale to the county.[1]

2.  TAXATION—RECITAL THAT PROPERTY WAS "STRUCK OFF" TO WEBER

---

[1] *Wall* v. *Kaighn,* 45 Utah, 244, 144 Pac. 100; *Lawrence* v. *Murphy,* 45 Utah, 572, 147 Pac. 903.

COUNTY, DESCRIBING TAX SALE, HELD TO MEAN A PURCHASE BY A COUNTY AS A BIDDER, WHICH RENDERS DEED VOID. The recitals in a tax deed "that at said auction, no person bidding the amount of the said taxes and costs assessed against said property, amounting to $11.35, the said land was by said treasurer struck off to Weber county, who paid the full amount of said taxes, costs, and charges, and therefore became the. purchaser of the said piece of land," means that the county was a bidder at the auction sale, and that it purchased the land and paid the delinquent taxes in that capacity, and such deed is void.

3. TAXATION—RECITALS BY COUNTY TREASURER IN TAX CERTIFICATE AND TAX DEED HELD NOT TO BE CONSIDERED AS MERE SURPLUSAGE. Though the county treasurer may make unnecessary statements in a tax sale certificate and tax deed, if the recitals show that he either omitted some step required by the statute or that he departed from the statutory directions, such recitals cannot be considered merely surplusage, and may not be disregarded.[2]

4. TAXATION—IN CASE OF DOUBT WHETHER TAX CERTIFICATE AND TAX DEED ARE VALID, TAXPAYER HELD ENTITLED TO BENEFIT OF DOUBT. In case of doubt as to whether a county treasurer's tax certificate and tax deed are valid, the taxpayer is entitled to have the doubt favorably considered for his protection.

5. APPEAL AND ERROR—APPELLATE COURT WILL NOT PERMIT AMENDMENT TO ASK FOR FORECLOSURE OF TAX LIEN WHERE PRAYER FOR RELIEF IS LIMITED TO REQUEST THAT DEFENDANT BE' BARRED OF ALL RIGHT AND INTEREST IN THE LAND. Where plaintiff in an action to quiet title prayed for no other relief than "that defendant be barred of all right, title, and interest in the said land," *held*, that appellate court cannot enlarge relief by permitting pleadings to be amended to ask for foreclosure, though it might have done so, had plaintiff asked for general relief and for foreclosure of the tax lien.

Appeal from District Court, Second District, Weber County; *Geo. S. Barker,* Judge.

Action by C. S. Thompson against Ada C. Taylor. Judgment for plaintiff, and defendant appeals.

REVERSED AND REMANDED, with directions.

---

2 *Wall* v. *Kaighn,* 45 Utah, 572, 147 Pac. 1100.

*C. R. Hollingsworth,* of Ogden, for appellant.

*W. H. Reeder, Jr.,* and *John G. Willis,* both of Ogden, for respondent.

FRICK, J.

The plaintiff, respondent herein, brought this action in the district court of Weber county to quiet title to a certain lot in Ogden City to which he claimed title by virtue of a tax deed issued to him by the treasurer of said county. The complaint sets forth all the necessary facts, and in view that it is not assailed it needs no further consideration.

The defendant, hereinafter called appellant, who held the legal title to the lot in question as grantee from the owner against whom the lot was assessed, answered the complaint, denying respondent's title upon the ground that the alleged tax deed by virtue of which he claimed title was, for the reasons stated in the answer, void and of no effect.

The case was tried to the court without a jury. At the conclusion of the evidence the court made findings of fact and conclusions of law in favor of respondent and entered judgment quieting the title to the lot in question in him. The appeal is from that judgment.

In view that this court has passed upon the legal effect of tax sale certificates and tax deeds that were issued pursuant to the statute which controls in this case, it is not necessary to do more than refer to the recent cases in which the questions here presented were not only carefully, but exhaustively considered and determined. We refer to *Wall* v. *Kaighn,* 45 Utah, 244, 144 Pac. 1100, which case was approved and followed in *Lawrence* v. *Murphy,* 45 Utah, 572, 147 Pac. 903. Respondent contends, however, that the case at bar is distinguishable from those cases, and hence the judgment of the district court should be affirmed. The only question for determination therefore is: Are the facts in this case such as will authorize us to declare a conclusion from that declared in the case of *Wall* v. *Kaighn,* supra?

In view that the statute pursuant to which the sale was held in the case at bar is the one which governed the sale in the case last referred to, and in which the statute is fully set forth, it is not necessary to repeat it here. In view, however, that it is contended that there is a material difference between the certificate of sale and the tax deed which were issued in the case at bar from those that were issued in the case aforesaid, we shall here insert so much of the certificate of sale and of the tax deed as is material to this decision. The certificate of sale, so far as material here, reads as follows:

"This certifies that on the 20th day of December, 1905, in pursuance of law, I, Alma D. Chambers, as treasurer of the county of Weber, state of Utah, exposed for sale, as required by law, sufficient of the within described delinquent real estate to pay the delinquent taxes and costs, and there being no bidder the whole of said property was offered for sale and sold to Weber county, subject to redemption as provided by law.  * . *   *"

The tax deed, after describing the property sold for taxes, contains the following recitals:

"And was by the said treasurer aforesaid on or after the third Monday in December, 1905, to wit, on each legal day to the 20th day of December, 1905, and on said day offered for sale to pay said taxes, with the costs and charges thereon, at public auction in front of the county courthouse in said county; that at said auction, no person bidding the amount of the said taxes and costs assessed against said property, amounting to $11.35, the said land was by said treasurer struck off to Weber county, who paid the full amount of said taxes, costs, and charges, and therefore became the purchaser of the said piece or parcel of land so sold for taxes aforesaid; that said real estate was sold subject to redemption, pursuant to the statute in such case made and provided, and whereas no person has redeemed the property aforesaid during the time allowed by law for its redemption," etc.

As pointed out in *Wall* v. *Kaighn*, supra, the foregoing recitals or statements in the certificate of sale and in the tax deed are material and controlling, since in those statements are contained the acts of the county treasurer in offering for sale and in selling the property, and from those statements the taxpayer, as well as all others interested in the subject-matter, may determine whether the treasurer

has or has not followed the directions of the statute. Now, it was held in *Wall* v. *Kaighn* that, in case it is made to appear from the statements contained in the certificate of sale and in the tax deed that the land was sold to the county as a bidder therefor, both the tax sale certificate as well as the deed are. void and of no legal effect. It is recited in the certificate of sale in question here that the treasurer "exposed for sale as required by law, sufficient of the within described delinquent real estate to pay the delinquent taxes and costs, and, there being no bidder, the whole of said property was offered for sale and sold to Weber county, subject to redemption," etc. The question is: What is the effect of what the treasurer tells us in the certificate? It is that after offering sufficient of the delinquent property to pay the taxes there were no bidders for what he had assumed to be a sufficient quantity, and therefore he offered the whole for sale and sold it to Weber county. When, therefore, no bids were made for the quantity of land offered for sale by the treasurer, he offered the whole of the property for sale and sold it to Weber county. If, however, he had received no bids and had sold the property to the county pursuant to the statute, he would not have offered it for sale to the county at all. When there are no bidders, the property passes to the county, not as a bidder therefor, and not as though it were represented at the sale, but by operation of law, and the treasurer is required to issue a certificate to that effect to the county.

If, however, there were any doubt with regard to how the property in question was sold, the recitals in the tax deed dispel that doubt. The recitals in the tax deed material here we have hereinbefore set forth. It will be observed that the treasurer says:

"That at said auction [sale], no person bidding the amount of the said taxes and costs assessed against said property, amounting to $11.35, the said land was by said treasurer struck off to Weber county, who paid the full amount of said taxes, costs, and charges, and therefore became the purchaser of the said piece or parcel of land so sold for taxes aforesaid. * * *"

If these statements were made concerning any person other

than Weber county, no one.. we think, would seriously contend that the person to whom the land was "struck off" at the "auction," and who became the purchaser thereof, was not a bidder when the whole land was offered after no bids were received for any quantity less than the whole. This conclusion is placed almost beyond a reasonable doubt when it is further recited that the county "paid the full amount of said taxes," etc. If that were said of any person other than the county, would any one have the temerity to say that the actual, ordinary, and usual meaning of the language used is not to the effect that the county was a bidder at the "auction," and that it purchased the land and paid the delinquent taxes in that capacity?

It is, however, insisted on behalf of respondent that there are some recitals both in the certificate of sale and in the tax deed which are unnecessary and may therefore be regarded as surplusage. That question is also carefully considered in *Wall* v. *Kaighn*, and it is there pointed out that although the treasurer may make unnecessary statements in the instruments last referred to, if the recitals show that he either omitted some step required by the statute or that he departed from the statutory directions, such recitals cannot be considered merely surplusage and may not be disregarded. We have no disposition to enlarge on what is said in that regard in the case just referred to. If therefore, the recitals in the certificate of sale, and in the tax deed in question here are carefully considered and the language there used is given its usual, ordinary, and natural meaning and effect, but one conclusion is permissible, and that is that the case at bar falls squarely within the doctrine announced in *Wall* v. *Kaighn*. When we keep in mind the elementary doctrine that in case of doubt the taxpayer is at least entitled to have the doubt favorably considered for his protection, then there is no escape from the foregoing conclusion. If that doctrine applies generally, how much more does it apply here in this equitable proceeding and under our statute which gives the

taxpayer a perpetual lien against the property for what he has paid with interest and penalty? Respondent therefore has a clear and adequate remedy, although the tax title is held void and of no effect for the reason that the county treasurer did not comply with the provisions of the statute.

In view of what has been said it follows that the district court erred in its conclusion of law and in entering judgment in favor of the respondent. The judgment is therefore reversed, and the cause is remanded to the district court of Weber county, with directions to set aside its conclusion of law in favor of respondent and to make a conclusion of law declaring the tax deed in question void and of no effect and enter judgment dismissing the action upon merits; appellant to recover costs.

We remark that, if respondent in this case had asked for general relief, we might have been inclined to permit him to amend his complaint and to ask for a foreclosure of the tax lien above referred to. In view, however, that he prays for no other relief than that defendant "be barred of all right, title, and interest or claim in the said land or any part thereof, and for his costs and disbursements in this action," we cannot enlarge the relief for him.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.