## FISHER v. DAVIS

No. 4824.   Decided January 24, 1930.   (291 P. 493.)
Rehearing Denied September 24, 1930.

*A. C. Hatch,* of Heber City, for appellant.

*George M. Sullivan* and *Walter C. Hurd,* both of Salt Lake City, for respondent.

CHERRY, C. J.

This is an action to quiet the title to six patented mining claims in Wasatch county.  The plaintiff and defendant

each claimed the paramount title. Trial was had to the court and a decree entered denying relief to either party, from which both separately appeal.

The plaintiff's claim of title was based upon tax sale proceedings for the delinquent taxes assessed upon the property in 1910 resulting in an auditor's tax deed to Wasatch county dated April 26, 1915, and a quitclaim deed for the property in question from Wasatch county to the plaintiff dated July 9, 1924. The defendant's title consisted of a patent to the property from the United States dated December 18, 1901.

The tax sale proceedings under which the plaintiff claimed were held void by the trial court for the reason that it appeared from recitals in the auditor's tax deed that at the delinquent tax sale Wasatch county was a competitive bidder and voluntary purchaser. Under the statutes relating to tax sales in force at the time (they have since been amended), the facts so recited rendered the deed void on its face. *Wall* v. *Kaighn,* 45 Utah 244, 144 P. 1100; *Lawrence* v. *Murphy,* 45 Utah 572, 147 P. 903; *Thompson* v. *Taylor,* 61 Utah 164, 211 P. 696. The plaintiff concedes that, if the cases cited are to be followed, his title must fail. His contention is that the cases cited were erroneously decided and ought to be overruled. He has failed, however, to convince us that we should now depart from the principle which has heretofore been so thoroughly and repeatedly considered and decided. We adhere to the doctrine of the cases referred to as applied to the statutes in force at the time of the sale in question, and therefore approve and affirm the conclusion of the trial court that the plaintiff had no title to the property in controversy. That disposes of the plaintiff's appeal.

Upon the defendant's appeal it is contended that the court erred in refusing to enter a decree quieting and confirming the defendant's title to the property in dispute. It was

clearly proved and is wholly undisputed that the defendant is the legal owner of the property by virtue of a patent therefor dated December 8, 1901, from the United States. As before stated, it was correctly found that the plaintiff had no title. The reason why the trial court refused to quiet and confirm the defendant's title were the facts, which the plaintiff over objections was allowed to prove and which the court found, that on June 12, 1899, the defendant and others organized a mining corporation under the laws of this state, called the West Valeo Mining Company, in the articles of incorporation of which it was stated that the mining claims in question were taken, received, and held by the corporation in full payment of its capital stock, that stock in the corporation had been sold to various and divers persons including the plaintiff, and that the charter of the corporation had thereafter been forfeited for nonpayment of corporation taxes.

We see no necessary inconsistency in the mining company having the title to the claims in question in 1899 and the defendant obtaining a patent therefor in 1901. But, if there is a conflict in the title between the mining company and the defendant, it may not be determined in this action. Neither the mining company, nor any one qualified to represent it, is a party to this action. The plaintiff did not pretend to sue for or in behalf of the mining company, and did not show that he was even a present stockholder in it. He sought to establish his individual title by virtue of the tax sale proceedings, and his conveyance from Wasatch county. So far as the parties to this action are concerned, it is wholly immaterial what outstanding claims to the property may exist in favor of the mining company. Those claims, if any there be, must be asserted by the mining company or some one legally entitled to represent it. When the plaintiff's alleged title failed and it conclusively appeared that the defendant had the legal title to the property, the duty of the trial court was to adjudge the title, as between the parties

before it, to be in the defendant. The decree can only bind the parties to the action.

The plaintiff has argued in his brief that the defendant's title is barred by laches. It is not contended that the statute of limitations has run or adverse possession been established. It is merely contended that, because defendant permitted the tax sale proceedings to be had without objection and without the assertion of his title, he ought not now, in equity be permitted to assert his title. This contention is without merit. The defendant's claim is one of legal title, and is governed by the statute of limitations. Laches apply to equitable demands. If a legal right gets into equity, the statute governs. *Waldron* v. *Harvey*, 54 W. Va. 608, 46 S. E. 603, 102 Am. St. Rep. 959.

The evidence and finding of fact relating to the supposed claim of the mining company were immaterial and irrelevant. The action should have been determined upon the claims of the parties before the court, without regard to the possible claims of others. And under the situation in this case we think it was the duty of the trial court to enter a decree adjudging the defendant to be the owner of the property and quieting and confirming his title thereto.

For the reasons stated and upon the defendant's appeal, the decree appealed from is reversed, and the cause remanded to the district court of Wasatch county, with directions to modify its findings and conclusions to conform to this decision and to enter a decree quieting and confirming the defendant's title to the property in question; defendant to recover his costs on appeal.

STRAUP, ELIAS HANSEN, EPHRAIM HANSON, and FOLLAND, JJ., concur.